[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on February 24, 1979 at Guilford, Connecticut.
All jurisdictional requirements have been met.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The court has evaluated the evidence in light of the statutory criteria contained in Connecticut General Statutes46b-81 and 46b-82 and enters the following orders.
1. The defendant shall quitclaim all his right, title and interest in the property located at 205 River Road, Madison, Connecticut to the plaintiff. The plaintiff shall execute a mortgage, note and deed, in favor of the defendant in the amount of $25,000 secured by -the property. The note shall be due and payable upon the earliest of the following events: the wife's remarriage, the sale of the house or January 31, 1992.
2. The defendant shall pay alimony to the plaintiff in the amount of $85.00 per week until the death of either party or the plaintiff's remarriage. The defendant's retirement shall be grounds for a motion to modify alimony.
3. The defendant shall maintain group life insurance in the amount of $50,000.00 for so long as it is available through his employment, naming the plaintiff as beneficiary for so long as he is obligated to pay alimony.
4. The defendant shall Cooperate in making health insurance available to the plaintiff through his employer for SO long as the law or employee benefits allow. By way of additional alimony the defendant shall pay one-half of the cost insurance.
5. The plaintiff is awarded the full survivor benefit of the defendant's pension. The plaintiff shall prepare any order necessary to effectuate this provision and the court retains jurisdiction to enter said order.
6. Each of the parties is awarded the automobiles listed on their respective financial affidavits.
7. Each of the parties shall be responsible for the liabilities listed on their respective financial affidavits. The plaintiff shall be responsible for all liabilities and costs associated with the ownership of the marital home and indemnify and hold the defendant harmless thereon. CT Page 4935
8. The defendant's gun collection shall be returned to him forthwith, as he has been and continues to be in possession of guns at this time, and the lack of the collection does not affect his ability, in general, to arm himself. Award of the balance of the personal property in dispute is deferred, and the issue is referred to the Family Relations office for mediation. The Court retains jurisdiction to award personal property.
9. A permanent full restraining order shall enter against the defendant. In addition, he shall have no contact with the plaintiff, including phone or written communication. The restraining order shall extend to Jennifer Stumpe.
10. Each party shall be responsible for their own counsel fees.
BY THE COURT ELAINE GORDON, JUDGE